UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

CISCO SYSTEMS, INC.,

       Plaintiff,

  -v-                                                            No.  20-CV-10879  LTS

SYNAMEDIA LTD., *formerly known as*
TRITON UK BIDCO LIMITED,

       Defendant.

-------------------------------------------------------x

## ORDER

The Court has received Plaintiff's letter motion to seal dated February 12, 2021 (Docket Entry No. 24), which seeks leave to file complete, unredacted copies of the Complaint and its exhibits (Docket Entry No. 1 (in hard copy); Docket Entry No. 27 (in electronic copy)) under seal, and redacted copies of that pleading on the public docket. (Docket Entry No. 26.)

Plaintiff's application is granted in part and denied in part.  The amount of damages Plaintiff sets forth in the Complaint (at paragraphs 1, 9, 21, and 51) is a core element of Plaintiff's breach of contract claim, as to which a presumption of public access attaches.  See Bernstein v. Bernstein Litowitz Berger & Grossmann LLP, No. 14-CV-6867 (VEC), 2016 WL 1071107, at *8 (S.D.N.Y. Mar. 18, 2016) ("A complaint is the quintessential judicial document."), aff'd, 814 F.3d 132 (2d Cir. 2016).  Plaintiff's general assertion that its damages reflect "commercially sensitive pricing information" does not overcome that presumption and, therefore, Plaintiff's application is denied to the extent it seeks to redact those figures in paragraphs 1, 9, 21, and 51 from the Complaint.

Plaintiff's application as to the remaining redactions of the Complaint and its exhibits—which involve pre-suit negotiations between the parties and contractual provisions which the Complaint does not place at issue—is granted, without prejudice to reconsideration to the extent the parties place such negotiations and provisions at issue in this case.

Plaintiff shall re-file a redacted copy of its Complaint and exhibits, in compliance with this Order, by **February 22, 2021**.

The Clerk of Court is respectfully directed to maintain the hard copy of Plaintiff's unredacted Complaint with exhibits (Docket Entry No. 1) under seal, and to maintain the current viewing restrictions applicable to the electronic copy of that pleading (Docket Entry No. 27) as they are.

This Order resolves Docket Entry No. 24.

SO ORDERED.

Dated: New York, New York
February 18, 2021

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge