```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/15/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CISCO SYSTEMS, INC.

         Plaintiff,

 -against-

SYNAMEDIA LTD. F/K/A TRITON UK BIDCO
LIMITED

         Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Civ. A. No. 1:20-CV-10879-LTS-SN

**PROTECTIVE ORDER**

     The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately-tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby

     ORDERED that any person subject to this Order -- including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order -- shall adhere to the following terms, upon pain of contempt:

     **1.**    Any person subject to this Order who receives from any other person any "Discovery Material" (as defined in Paragraph 2 below) that is designated as "Confidential" or "Highly Confidential" pursuant to the terms of this Order shall not disclose such Confidential or Highly Confidential Discovery Material to anyone else except as expressly permitted hereunder. Confidential or Highly Confidential Discovery Material shall be used solely for the purposes of this litigation and for no other purpose, subject to further order of the Court. The restrictions on the use and disclosure of Confidential or Highly Confidential Discovery Material shall also apply to any and all copies of documents containing Confidential or Highly Confidential Discovery

Material, any information obtained from such documents, and descriptions, summaries or characterizations of such documents.

2. **Discovery Material.** The term "Discovery Material" means any information of any kind provided in the course of discovery in this action, including but not limited to: (a) all documents; (b) electronically stored information; (c) any and all other taped, recorded, filmed, written or typed matters of any kind or descriptions, including the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise; (d) all interrogatory answers, answers to requests for admissions and deposition transcripts or recordings; and (e) any physical objects, samples, or other items, and which constitute, contain or disclose, in whole or in part, information which the designating party deems to be confidential, non-public information.

3. **Confidential Discovery Material.** The person producing any given Discovery Material may designate as Confidential any material or portion of such material that is not generally known and which that party would normally not reveal to third parties or, if disclosed, would require such third parties to maintain in confidence. Confidential Discovery Material includes, but is not limited to:

    a. information prohibited from disclosure by statute;

    b. information produced pursuant to third-party confidentiality obligations;

    c. research, technical, commercial or financial information that the party has maintained as confidential;

    d. business records and related communications;

    e. agreements to resolve disputes or settlement agreements and related communications;

   f.  confidential research, development or commercial information;

   g.  tax ID or other identifying numbers subject to identity fraud;

   h.  competitive information;

   i.  any information of a personal or intimate nature regarding any individual;

   j.  any other proprietary or confidential business information; or

   k.  any other category of information hereinafter given confidential status by the Court.

  **4.**  **Highly Confidential Discovery Material.**  The person producing any given Discovery Material may designate as Highly Confidential any material or portion of such material when such party or person in good faith believes that the Discovery Material describes, discloses or comprises trade secrets, information that is not generally known to competitors and derives its value from being confidential, information considered by that party to be highly confidential, and other highly sensitive information that cannot be adequately protected with the Confidential designation.

  **5.**  **Designation.**  With respect to any Confidential or Highly Confidential Discovery Material other than deposition transcripts, recordings and exhibits, the producing person or that person's counsel may designate such material or portion thereof as "Confidential" or "Highly Confidential" by stamping or otherwise clearly marking as "Confidential" or "Highly Confidential" the protected Discovery Material in a manner that will not interfere with legibility or audibility.  In addition, with respect to electronically stored information ("ESI") produced in non-native electronic formats (such as single-page TIFF files), the producing person shall mark each page of the protected Discovery Material as "Confidential" or "Highly Confidential," and with respect to ESI produced in native file formats, the producing party shall mark as

"Confidential" or "Highly Confidential" a slipsheet and/or the exterior of the produced media containing the Confidential or Highly Confidential Discovery Material.  With respect to deposition transcripts, recordings and exhibits, a producing person or that person's counsel may indicate on the record or in writing to the reporter within 30 days after receiving the final transcript that a question or questions calls for Confidential or Highly Confidential information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" or "Highly Confidential Information Governed by Protective Order" by the reporter.

6. **Inadvertent Failure to Designate.**  An inadvertent failure to designate a document as Confidential or Highly Confidential does not, standing alone, waive the right to so designate any such Discovery Material.  A party may designate any document mistakenly produced without a Confidential or Highly Confidential designation upon written notice and within ten (10) days of the party's knowledge that the documents should be subject to this Order.  Provided that the producing party provides such notice as required by this paragraph, the inadvertent failure to designate shall not be deemed a waiver, in whole or in part, of the producing party's claim of confidentiality with respect to the Discovery Material disclosed, and disclosure of Confidential or Highly Confidential Discovery Material prior to designation is not a violation of this Order.  If a party designates a document as Confidential or Highly Confidential after it was initially produced, the receiving party, on notification of the designation, must make reasonable efforts to assure that the Discovery Material is treated in accordance with the provisions of this Order.  No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential or Highly Confidential, even where

4

the failure to so designate was inadvertent and where the material is subsequently designated Confidential or Highly Confidential.

7.  **Disclosure of Confidential and Highly Confidential Discovery Material.**  No person subject to this Order other than the producing person shall disclose or permit the disclosure of any Confidential or Highly Confidential Discovery Material to any third person or entity except as set forth in subparagraphs (a)–(i).  No person subject to this Order other than the producing person shall disclose any or permit the disclosure of any Highly Confidential Discovery Material to any third person except as set forth in subparagraphs (a), (c)–(i).:

a.  **Counsel**.  Counsel for the parties and employees of counsel who have responsibility for the action;

b.  **Parties.**  Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

c.  **The Court and its personnel.**

d.  **Court Reporters and Recorders.**  Court reporters, stenographers and recorders engaged to transcribe depositions conducted in this action;

e.  **Contractors.**  Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

f.  **Consultants and Experts**.  Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

       g.     **Witnesses at Depositions**.  During their depositions, witnesses in this action to whom disclosure is reasonably necessary.  Witnesses shall not retain a copy of documents containing Confidential or Highly Confidential Discovery Material, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts.  Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential or Highly Confidential Discovery Material information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

       h.     **Author or Recipient.**  The author or recipient of the document (including its author, its addressee, and any other person indicated on the face of the document as having received a copy but not including a person who received the document in the course of litigation);

       i.     **Others by Consent**.  Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

**8.**     Prior to any disclosure of any Confidential or Highly Confidential Discovery Material to any person referred to in subparagraphs 5(f) or 5(i) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign an Acknowledgment and Agreement to Be Bound annexed as an Attachment A hereto stating that that person has read this Order and agrees to be bound by its terms.  Said counsel shall retain each signed Acknowledgment and Agreement to Be Bound, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

**9.**     **Filing of Confidential and Highly Confidential Discovery Material.**  This order does not authorize the filing of any documents under seal.  Documents may be sealed only if

authorized by statute, rule, or order of the Court.  A party seeking to have filed under seal any paper or other matter in this case must comply with Rule 5(b)(ii) of Judge Swain's Individual Practices and/or Rule 3(f) of Judge Netburn's Individual Practice, as applicable.  The parties will use their best efforts to minimize such sealing.

10. **Notice to Designating Party.**  Any party, other than the designating party, that anticipates filing any material that has been designated as Confidential Information or Highly Confidential – Outside Counsel Only must provide reasonable notice to the designating party of the proposed filing, so that the designating party will have ample time, if it so desires, to file a motion for leave to file the material in question under seal.  The parties then shall meet and confer in connection with any anticipated motion for an order authorizing the filing of Confidential or Highly Confidential Discovery Material under seal, in a good faith attempt to reach an agreement regarding whether the Confidential or Highly Confidential Discovery Material should be filed under seal.  *See* Judge Swain Individual Practices, Rule 5(b)(ii); Judge Netburn's Individual Practice, Rule 3(f).  If an agreement is reached, the party seeking leave to file sealed or redacted documents will state that its request is on consent, in conformance with Rule 5(b)(ii) of Judge Swain's Individual Practices and/or Rule 3(f) of Judge Netburn's Individual Practice, as applicable.  If an agreement is not reached, then the designating party may file a motion in compliance with Rule 5(b)(ii) of Judge Swain's Individual Practices and/or Rule 3(f) of Judge Netburn's Individual Practice, as applicable.  If the motion is denied, the party may file the material, but not under seal.

11. **Challenges by a Party to Designation as Confidential or Highly Confidential.**  Any party who either objects to any confidentiality designation, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may

at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request.  If agreement cannot be reached within five (5) business days of receipt of the objecting party's letter, the designating party will follow Judge Netburn's Individual Practice Rule 2(C) for raising discovery disputes with the Court to obtain a ruling.

12. **Control of Documents.**  Each person who has access to Discovery Material that has been designated as Confidential or Highly Confidential shall make reasonable efforts to prevent the unauthorized or inadvertent disclosure of such material.  Counsel shall maintain copies of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

13. **Discovery from Third Parties.**  This Protective Order shall apply to discovery sought from persons or companies who are not parties to this lawsuit.  Third parties may designate information produced under the "Confidential" or "Highly Confidential" designation.

14. **No Greater Protection of Specific Documents.**  Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.  Notwithstanding the foregoing, to the extent any document contains sensitive information and information requiring caution as described in the Rule 5(b)(i) of Judge Swain's Individual Practices ("Sensitive Information"), the parties may redact Sensitive Information without seeking a prior court order.

15. **Clawback.**  If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a

waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.  The disclosing party shall, within twenty-one (21) days of discovering the inadvertent disclosure, give notice to the receiving party in writing of the disclosing party's claim of privilege or protection from discovery. The receiving party then shall promptly return, sequester, or destroy the Inadvertently Disclosed Information; must not use or disclose the Inadvertently Disclosed Information until the privilege or protection claim is resolved; must take reasonable steps to retrieve the Inadvertently Disclosed Information if the receiving party disclosed it before being notified; and may promptly present the Inadvertently Disclosed Information to the court under seal for a determination of the claim. The disclosing party must preserve the information until the claim is resolved.

Inadvertent or unintentional production may not be deemed a waiver in whole or in part of the disclosing party's claim of privilege or immunity from discovery either as to specific documents and information disclosed or on the same or related subject matter based on the facts constituting the inadvertent production. This provision is, and shall be construed as, an Order under Rule 502(d) of the Federal Rules of Evidence. Accordingly, as is explicitly set forth in Rule 502(d), a Party's production of documents, whether inadvertent or intentional, is not a waiver of any privilege or protection "in any other federal or state proceeding." Fed. R. Evid. 502(d).

**16.    Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**  If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential or Highly Confidential, the receiving party must notify the designating party in writing promptly and in no event more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.  The receiving party also must promptly inform

in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue. The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential or Highly Confidential Discovery Material in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential or Highly Confidential Discovery Material, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential or Highly Confidential Discovery Material by the other party to this case.

17. **Obligations on Termination of Litigation.**

(a) **Order Continues in Force.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b) **Obligations at Conclusion of Litigation.** Within ninety (90) days after dismissal or entry of final judgment not subject to further appeal, all Discovery Material and documents marked Confidential or Highly Confidential under this Order shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

(c) **Retention of Work Product and one set of Filed Documents.** Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to Discovery Material designated Confidential or Highly Confidential so long as that work product does not duplicate verbatim substantial portions of Confidential or Highly Confidential Discovery Material, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential or Highly Confidential Discovery Material shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential or Highly Confidential Discovery Material.

(d) **Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System.** Filings under seal shall be deleted from the ECF system only upon order of the Court.

18. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential or Highly Confidential by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

19. This Court shall retain jurisdiction overall persons subject to this order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated: November 10, 2021                             Respectfully Submitted,

| | |
|---|---|
| */s/ Christopher J. Letkewicz* | */s/ Rebecca L. Martin* |
| J. Erik Connolly (admitted *pro hac vice*) | Matthew D. Parrott |
| Christopher J. Letkewicz (admitted *pro hac vice*) | Rebecca L. Martin |
| David S. Almeida | FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP |
| BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP | One New York Plaza |
| 71 South Wacker Drive, Suite 1600 | New York, New York 10004 |
| Chicago, Illinois 60606 | Telephone: (212) 859-8000 |
| Telephone: (312) 212-4949 | Facsimile: (212) 859-4000 |
| Facsimile: (312) 767-9192 | Email: m.parrott@friedfrank.com |
| | Rebecca.martin@friedfrank.com |
| Email: econnolly@beneschlaw.com | |
| cletkewicz@beneschlaw.com | *Attorneys for Defendant Synamedia Ltd. f/k/a Triton UK Bidco Limited* |
| dalmeida@beneschlaw.com | |
| *Attorneys for Plaintiff Cisco Systems, Inc.* | |

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

Date: November 15, 2021
      New York, New York

ATTACHMENT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CISCO SYSTEMS, INC.                         :
                                            :
                    Plaintiff,              :   Civ. A. No. 1:20-CV-10879-LTS-SN
        -against-                           :
                                            :
SYNAMEDIA LTD. F/K/A TRITON UK BIDCO        :
LIMITED                                     :
                                            :
                    Defendant.              :
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Agreed Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms.

The undersigned submits to the jurisdiction of the United States District Court for the Southern District of New York in matters relating to the Agreed Protective Order and understands that the terms of the Agreed Protective Order obligate him/her to use materials designated as Confidential Information or Highly Confidential – Outside Counsel Only in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information or Highly Confidential – Outside Counsel Only to any other person, firm or concern.

The undersigned acknowledges that violation of the Agreed Protective Order may result in penalties for contempt of court.

Name:       _____

Job Title:  _____

1

2

Employer: _____

Business Address: _____
                         _____
                         _____

Date: _____     _____
                                                   Signature